Gary Trachten (GT5480)
Alisa L. Silverstein (AS2926)
**KUDMAN TRACHTEN ALOE LLP**
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010
*Attorneys for Plaintiff*



08 CV 03386

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LORI OSTENFELD,

                     Plaintiff,

     -against-

MERRILL LYNCH & CO., INC.,

                     Defendant.
-------------------------------------------------------------X

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

      The plaintiff, Lori Ostenfeld, by and through her attorneys, Kudman Trachten Aloe LLP, complains against the defendant as follows:

### PARTIES, JURISDICTION AND VENUE

1. The plaintiff, Lori Ostenfeld ("Ostenfeld"), is a citizen of the State of New Jersey.

2. The defendant, Merrill Lynch & Co., Inc., ("Merrill Lynch"), is a Delaware corporation having its principal place of business in the City of New York, County of New York, in this Court's judicial district.

3. The amount in controversy in this action is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4. The subject matter jurisdiction of this Court over this action is predicated on 28 U.S.C. §1332(a) (diversity of citizenship).

5. This Court's personal jurisdiction over Merrill Lynch is predicated on CPLR §301.

6. This action is properly venued in this Court pursuant to 28 U.S.C. §1391(a)(1) and (2) in that the defendant resides in this judicial district and a substantial part (if not all) of the events or omissions giving rise to the claims made herein occurred in this judicial district.

## CLAIM FOR BREACH OF CONTRACT

7. The plaintiff Ostenfeld was employed by Merrill Lynch pursuant to a written employment agreement dated November 10, 2006 ("the Employment Agreement"). A copy of the Employment Agreement is annexed hereto as Exhibit "A" and incorporated herein by reference.

8. The Employment Agreement provided that Ostenfeld would have the position of Director, in the Corporate & Enterprise Recruiting Department within Leadership and Talent Management.

9. Pursuant to the terms of the Employment Agreement, Ostenfeld was eligible to participate in the Merrill Lynch Variable Incentive Compensation Program ("VICP").

10. Pursuant to the terms of the Employment Agreement, Ostenfeld was guaranteed a VICP award of $100,000 for 2007, provided that she would neither resign her employment nor be terminated by Merrill Lynch "for Cause."

11. Specifically, the Employment Agreement expressly provided:

> However, for Performance Year 2007 only, you will receive a guaranteed VICP award of $100,000 provided you are in the continuous employment of Merrill Lynch through the scheduled payment date in early 2008 *i.e. you have not resigned your employment or been terminated by Merrill Lynch for Cause (as defined below) before then.* (emphasis added)

12. The Employment Agreement defined "Cause" as:

> (i) any violation of Merrill Lynch's rules, regulations, policies, practices and/or procedures; (ii) any violation of laws, rules or regulations of any governmental entity or regulatory or self

2

regulatory organization, applicable to Merrill Lynch; (iii) criminal, illegal, dishonest, immoral, or unethical conduct reasonably related to your employment; or (iv) a breach of this letter or any of the accompanying attachments.

13. On or about June 12, 2007, Merrill Lynch terminated Ostenfeld's employment.

14. At the time of termination, Merrill Lynch advised Ostenfeld that it was terminating her employment because Merrill Lynch came to lack confidence in her ability to lead the recruiting team.

15. Ostenfeld did not resign her employment from Merrill Lynch.

16. Ostenfeld did not engage in conduct constituting Cause (as defined in the Employment Agreement).

17. Merrill Lynch's termination of Ostenfeld's employment was not for Cause (as defined in the Employment Agreement).

18. Generally speaking, Merrill Lynch has completed makings its VICP awards for 2007 to eligible participants.

19. Merrill Lynch failed to pay Ostenfeld her "guaranteed VICP award of $100,000" for performance year 2007 despite her demand for payment.

20. In failing to pay Ostenfeld her contractually guaranteed VICP award for 2007, Merrill Lynch breached the Employment Agreement.

21. As a result of the aforementioned breach by Merrill Lynch, Ostenfeld has been damaged in the amount of no less than one hundred thousand dollars ($100,000.00) plus pre-judgment interest thereon.

**WHEREFORE**, Lori Ostenfeld demands **TRIAL BY JURY** of the factual issues presented in this Complaint, and further demands judgment for the sum of one hundred thousand dollars ($100,000.00) plus pre-judgment interest at the statutory rate of 9% together with costs,

3

interest, disbursements and such other and further relief as this Court deems appropriate, just and proper.

Dated: April 4, 2008

                               **KUDMAN TRACHTEN ALOE LLP**
                               *Attorneys for Plaintiff*

By: _____
      Gary Trachten
      Alisa L. Silverstein