Gary Trachten (GT5480)
Alisa L. Silverstein (AS2926)
**KUDMAN TRACHTEN ALOE LLP**
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LORI OSTENFELD,

                Plaintiff,

    -against-

MERRILL LYNCH & CO., INC.,

                Defendant.

-------------------------------------------------------------X

08 CV 03386 (LTS) (FM)
ECF

**AMENDED COMPLAINT
AND DEMAND FOR
<u>TRIAL BY JURY</u>**

The plaintiff, Lori Ostenfeld, by and through her attorneys, Kudman Trachten Aloe LLP, complains against the defendant as follows:

## <u>PARTIES, JURISDICTION AND VENUE</u>

1.    The plaintiff, Lori Ostenfeld ("Ostenfeld"), is a citizen of the State of New Jersey.

2.    The defendant, Merrill Lynch & Co., Inc., ("Merrill Lynch"), is a Delaware corporation having its principal place of business in the City of New York, County of New York, in this Court's judicial district.

3.    The amount in controversy in this action is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4.    The subject matter jurisdiction of this Court over this action is predicated on 28 U.S.C. §1332(a) (diversity of citizenship).

5.    This Court's personal jurisdiction over Merrill Lynch is predicated on CPLR §301.

6.    This action is properly venued in this Court pursuant to 28 U.S.C. §1391(a)(1) and (2) in that the defendant resides in this judicial district and a substantial part (if not all) of the events or omissions giving rise to the claims made herein occurred in this judicial district.

## CLAIM FOR BREACH OF CONTRACT

7.    The plaintiff Ostenfeld was employed by Merrill Lynch pursuant to a written employment agreement dated November 10, 2006 ("the Employment Agreement"). A copy of the Employment Agreement is annexed hereto as Exhibit "A" and incorporated herein by reference.

8.    The Employment Agreement provided that Ostenfeld would have the position of Director, in the Corporate & Enterprise Recruiting Department within Leadership and Talent Management.

9.    Pursuant to the terms of the Employment Agreement, Ostenfeld was eligible to participate in the Merrill Lynch Variable Incentive Compensation Program ("VICP").

10.    Pursuant to the terms of the Employment Agreement, Ostenfeld was guaranteed a VICP award of $100,000 for 2007, provided that she would neither resign her employment nor be terminated by Merrill Lynch "for Cause."

11.    Specifically, the Employment Agreement expressly provided:

> However, for Performance Year 2007 only, you will receive a guaranteed VICP award of $100,000 provided you are in the continuous employment of Merrill Lynch through the scheduled payment date in early 2008 *i.e. you have not resigned your employment or been terminated by Merrill Lynch for Cause (as defined below) before then.* (emphasis added)

12.    The Employment Agreement defined "Cause" as:

> (i) any violation of Merrill Lynch's rules, regulations, policies, practices and/or procedures; (ii) any violation of laws, rules or regulations of any governmental entity or regulatory or self

regulatory organization, applicable to Merrill Lynch; (iii) criminal, illegal, dishonest, immoral, or unethical conduct reasonably related to your employment; or (iv) a breach of this letter or any of the accompanying attachments.

13.    On or about June 12, 2007, Merrill Lynch terminated Ostenfeld's employment.

14.    At the time of termination, Merrill Lynch advised Ostenfeld that it was terminating her employment because Merrill Lynch came to lack confidence in her ability to lead the recruiting team.

15.    Ostenfeld did not resign her employment from Merrill Lynch.

16.    Ostenfeld did not engage in conduct constituting Cause (as defined in the Employment Agreement).

17.    Merrill Lynch's termination of Ostenfeld's employment was not for Cause (as defined in the Employment Agreement).

18.    Generally speaking, Merrill Lynch has completed makings its VICP awards for 2007 to eligible participants.

19.    Merrill Lynch failed to pay Ostenfeld her "guaranteed VICP award of $100,000" for performance year 2007 despite her demand for payment.

20.    In failing to pay Ostenfeld her contractually guaranteed VICP award for 2007, Merrill Lynch breached the Employment Agreement.

21.    As a result of the aforementioned breach by Merrill Lynch, Ostenfeld has been damaged in the amount of no less than one hundred thousand dollars ($100,000.00) plus pre-judgment interest thereon.

**WHEREFORE,** Lori Ostenfeld demands **TRIAL BY JURY** of the factual issues presented in this Complaint, and further demands judgment for the sum of one hundred thousand dollars ($100,000.00) plus pre-judgment interest at the statutory rate of 9% together with costs,

3

interest, disbursements and such other and further relief as this Court deems appropriate,  just and proper.

Dated:  April 18, 2008

KUDMAN TRACHTEN ALOE LLP
*Attorneys for Plaintiff*

By:    _____
Gary Trachten
Alisa L. Silverstein

Exhibit A

Corporate Recruiting Group

Leadership & Talent Management

2 World Financial Center
7th Floor
New York, New York 10281
www.ml.com

 **Merrill Lynch**

November 10, 2006

Lori Ostenfeld
1 Independence Court, Apt. 404
Hoboken, NJ 07030

Dear Lori,

We are pleased to offer you the position of Director, in the Corporate & Enterprise Recruiting Department within Leadership & Talent Management. Your anticipated start date is December 18, 2006. The terms of our offer are as follows:

## COMPENSATION

Your starting salary will be at the annualized rate of $150,000 and will commence on your start date. Please note that all payments referred to in this offer letter will be subject to required withholding for federal, state, and local taxes.

You will be eligible to participate in the Merrill Lynch Variable Incentive Compensation Program (VICP). In general, VICP awards are granted annually at the sole discretion of management based upon individual performance, company financial results and other criteria. However, for Performance Year 2007 only, you will receive a guaranteed VICP award of $100,000 provided you are in the continuous employment of Merrill Lynch through the scheduled payment date in early 2008 i.e. you have not resigned your employment or been terminated by Merrill Lynch for Cause (as defined below) before then. The VICP award may consist of cash or cash and equity. Any equity portion of this award may consist of Merrill Lynch Restricted Shares or other equity instruments subject to the vesting and other provisions of the applicable Merrill Lynch & Co., Inc. Employee Stock Compensation Plan ("the ESCP") and grant documents. All long-term grants are subject to the approval of the Management Development and Compensation Committee (the MDCC) of the Merrill Lynch & Co., Inc. Board of Directors.

Your performance will be reviewed periodically. Any future salary and any incentive compensation award under the VICP will be based on a consideration of a number of factors, including but not limited to, your individual performance and shall be determined in Merrill Lynch's sole discretion.

For the purpose of this letter, Cause shall mean: (i) any violation of Merrill Lynch's rules, regulations, policies, practices and/or procedures; (ii) any violation of laws, rules or regulations of any governmental entity or regulatory or self-regulatory organization, applicable to Merrill Lynch; (iii) criminal, illegal, dishonest, immoral, or unethical conduct reasonably related to your employment; or (iv) a breach of this letter or any of the accompanying attachments

## CURRENT EMPLOYMENT AGREEMENT

This offer assumes that you are not subject to any agreement(s), obligation(s), commitment(s), or policy(ies) with your current employer or any other entity(ies) or person(s) that restricts in any way your ability to accept and commence new employment in accordance with the terms of this letter. If such agreement(s), obligation(s), commitment(s), or policy(ies) exist, this offer is contingent on your providing evidence satisfactory to Merrill Lynch that they do not prohibit or restrict your ability to assume the position we have offered.



**WORK AUTHORIZATION**

You must also be able to satisfy the requirements of the Immigration Reform and Control Act of 1986, which requires documents to prove your identity and demonstrate that you are authorized to work in the U.S., and to complete an Employment Eligibility Verification form (Form I-9).

A further condition of this offer and your employment with Merrill Lynch is that you have not been convicted of a felony or certain misdemeanors which would disqualify you from employment with Merrill Lynch under federal securities law and under New York Stock Exchange or National Association of Securities Dealer rules. (These preconditions are referenced in the Merrill Lynch Statement of Employment Conditions and the Merrill Lynch Policy on Statutory Disqualification.)

**PRE-EMPLOYMENT PREPARATION**

Prior to your start date with Merrill Lynch, you are required to complete pre-employment screenings, which includes substance abuse screening and Form I-9 verification. The Employee Service Center will assist you in scheduling these appointments. In addition, you must review Merrill Lynch policies and guidelines and submit a series of forms that provide required personal information. You will be receiving an email from our Employee Service Center instructing you on how to proceed with the onboarding process. If you have any questions in the interim, or you do not receive this email, please contact the HR Service Center at 1-866-654-7411. All paperwork will be submitted electronically back to the Employee Service Center. Additionally, you must mail the signed offer letter to the Merrill Lynch Service Center at 1600 Merrill Lynch Drive, MSC 0601, Pennington, NJ 08534.

You should also carefully review the attached Statement of Employment Conditions as this offer and your employment with Merrill Lynch are subject to them.

In the event of a conflict between the Statement of Employment Conditions and this letter, this letter shall control.

You agree to keep this letter and its terms strictly confidential and not to disclose them to any person or entity except your attorney, financial advisor, and immediate family members, as long as such individuals agree that they are subject to this confidentiality provision. Nothing in this letter shall prohibit or restrict you from providing information pursuant to legal process.

Lori, we believe you can make a significant contribution to Merrill Lynch, and we look forward to your joining us.

Sincerely,

Patrick T. Allen
Director
Corporate and Enterprise Recruiting